IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| 27.4 HUNT, LLC | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| SHOT BY CRIDDLE, LLC and | ) | |
| COLLIN RIDDLE DBA LUH 2 HUNT | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

24.7 Hunt, LLC, ("24.7" or "Plaintiff") files this Complaint against Shot by Criddle, LLC ("Criddle") and Collin Riddle d/b/a Luh 2 Hunt ("Luh 2 Hunt") (collectively, "Defendants") as follows:

## Introduction

1.

24.7 is forced to file this action because Defendants refuses to discontinue use of clearly infringing trademarks and copyrights.

2.

24.7 is the owner of federal trademark registrations for  and , for use in connection with on-line retain store services for, *inter alia*, clothing.

3.

Defendants provide identical services – although of inferior quality – as 24.7's, and began

marketing their services under the purported trademark  . Recently, Defendants updated

their purported trademark to the following:  .

4.

Defendants' adopted logo uses the same printed mallard with an "X" over the eye creating

the same overall commercial impression between Defendants' services and Plaintiff's Services:



**Parties**

5.

24.7 Hunt LLC is a Georgia limited liability company, formed on June 5, 2019 with a

principal place of business in Fort Valley, Georgia.

6.

2

On information and belief, Defendant Shot by Criddle, LLC ("Criddle") is a Louisiana limited liability company, formed on October 7, 2020 with its principal place of business at 121 Oakwood Lane, Effie, Louisiana 71331.

7.

Defendant Criddle can be served with process through its registered agent, Charles A. Riddle, III, 208 E. Mark Street, Marksville, Louisiana 71351.

8.

On information and belief, Defendant Collin Riddle d/b/a Luh 2 Hunt ("Luh 2 Hunt") is an individual, who resides at 121 Oakwood Lane, Effie, Louisiana 71331.

**Jurisdiction**

9.

This action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051-1127). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367, the counts of which concern acts of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under the laws of the State of Georgia.

10.

The Court has supplemental jurisdiction over 24.7's state law claims based on 28 U.S.C. § 1367, because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11.

Defendants are subject to personal jurisdiction in this Court because they committed tortious acts (namely, trademark infringement and unfair competition) in the State of Georgia and have committed a tortious injury in this state and regularly transacts and solicits business in the State of Georgia.

12.

Defendants are cognizant that their wrongful conduct harmed and continues to harm 24.7 in Georgia, where 24.7 is based.

**Venue**

13.

Venue is proper because a substantial part of Defendants' infringing activities that give rise to this dispute occurred in this judicial district. (28 U.S.C. §§ 1391(a)(2) and 1391(b)(2)).

**Statement of Facts**

24.7 and its Federally Registered and Common Law Trademarks

14.

24.7 started operating in June of 2019.

15.

The business has grown from a modest outdoor clothing line to a powerful, unique brand in its market segment, with over 222,300 TikTok followers, 77,000 Instagram followers, and 27,000 YouTube subscribers, with several big name sponsors.

16.

24.7 began using its federally registered trademark, , on December 2, 2020 in connection with, *inter alia*, online clothing retail services.

17.

On August 15, 2022, 24.7 filed an application to register with mark  (the "Mallard Mark") with the United States Patent and Trademark Office. The mark was registered with the Trademark Office on September 27, 2016 (Registration No. 7031132) (the "132 Mark"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit A.

18.

24.7 began using its federally registered trademark, on December 2, 2020 in connection with, *inter alia*, online clothing retail services.

19.

On March 11, 2022, 24.7 filed an application to register with mark (the "Extended Mallard Mark") with the United States Patent and Trademark Office. The mark was registered with the Trademark Office on April 18, 2023 (Registration No. 7029648) (the "648 Mark"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit B.

20.

To promote its business, 24.7 has used the 132 Mark and the 648 Mark (collectively, "Plaintiff's Marks") in many ways, including but not limited to, on its website at <247huntco.com>, on social media sites including, Instagram (instagram.com/24.7hunt) and TikTok (tiktok.com/@24.7hunt) as well as on merchandise.

21.

Additionally, Plaintiff distributes a number of original works of creative expression, including videos. Plaintiff's works have included a video wherein individuals in the business state their name, their dogs name and then state that the individual and the dog "luh to hunt" (the "Copyright Work").

22.

24.7 markets its retail services to individuals that enjoy hunting, other outdoor activities, and fellowship.

Defendants and Their Infringement

23.

On or about October 2020, Defendants contacted Plaintiff's principal, who is also Plaintiff's predecessor in interest in and to the mark, in an attempt to provide photography services and collaborate in connection with Plaintiff's brand.



24.

Plaintiff and Defendants discussed a potential deal generally, but ultimately Plaintiff declined to form any agreement or commercial relationship with Defendants.

25.

Throughout this time of attempted negotiation by Defendants, Defendants expressed admiration for Plaintiff's brand.

26.

Defendants began using the logo, ![logo] on or around August 2022. Defendants' services include clothing and social media influencer services.

27.

Recently, Defendants altered their logo, (the "Infringing Mark"). The new Infringing Mark offers features markedly closer to Plaintiff's Marks due to the two colors on the mallard's body, one for the wing and one for the body. Additionally, the light pale ring around the mallard's neck appears in the same manner as Plaintiff's Marks and the feat are closer together.

28.

Defendants use the Infringing Mark to promote their clothing, merchandise, and social media at least in the following ways: on their website <luh2hunt.us>, on social media sites including Instagram (instagram.com/luh2hunt/), TikTok (tiktok.com/@luh2hunt), and Facebook (https://www.facebook.com/profile.php?id=100088240935170&mibextid=LQQJ4d).

29.

In addition to Defendants' Infringing Mark being nearly identical in appearance and overall commercial impression to Plaintiff's Marks, the trade channels are the same, using TikTok and Instagram to target younger individuals who hunt.

30.

The appearance of 24.7's products and services are unique and consumers have been confused by Defendants' copycat services. A true and correct copy of examples of the consumer confusion is attached hereto as Exhibit C.

31.

Additionally, Defendant made a video in which the heart of Plaintiff's Copyright Work is copied (the "Infringing Video"). Upon information and belief, Defendants viewed and copied the Copyright Work in an attempt to gain more views on TikTok.

Additional Background

32.

On information and belief, Defendants deliberately intended to trade on Plaintiff's goodwill and reputation in the industry in which Plaintiff and Defendants both operate.

33.

Defendants have never obtained permission to use or license the Plaintiff's Marks, or any other marks or designs confusingly similar thereto, for use on or in connection with any goods or services, including on the infringing services.

34.

24.7 has corresponded in good faith with Defendants to demand that Defendants immediately cease all marketing and sales of the infringing services under the Infringing Mark.

35.

Notwithstanding Defendants' awareness of Plaintiff's rights in Plaintiff's Marks, Defendants have refused to cease their unlawful actions.

36.

By using the Infringing Mark in connection with their competing and infringing services, Defendants seek to confuse and deceive the trade and the consuming public as to the source or origin of the infringing services and the genuine 24.7 services.

37.

On information and belief, Defendants intended to free-ride on the goodwill represented by Plaintiff's Marks developed by 24.7 when they adopted the Infringing Marks.

38.

Defendants culpably disregarded the risk of confusion to the public in their adoption of the Infringing Mark.

39.

On information and belief, Defendants therefore knowingly, willfully, intentionally, and maliciously adopted and used the Infringing Mark for marketing and selling the infringing services, knowing that such use would mislead, deceive, and generate confusion among the consuming public.

The Harm to 24.7 as a Result of Defendants' Unlawful Conduct

40.

Both 24.7 and Defendants provide identical services to identical customers in the social media and online retail industry.

41.

Upon information and belief, Defendants have intentionally and willfully directed their advertising, promotional and sales efforts at the same customers as 24.7's, including through the use of the infringing social media pages, in an effort to capitalize on 24.7's commercial goodwill.

42.

Defendants' infringing services are identical to the services offered under Plaintiff's Marks.

43.

Thus, Defendants' use of the Infringing Mark is likely to cause the consuming public to be deceived and to erroneously assume that the parties' respective services are in some way connected with one another.

44.

Given Defendants' cavalier attitude toward intellectual property infringement and 24.7's manifestly superior rights in Plaintiff's Marks, Defendants put at risk and damage 24.7's reputation, goodwill, and ability to market and promote its goods and services.

45.

Defendants' unauthorized use of the identical Infringing Mark has injured 24.7's interests and will continue to do so unless enjoined. Specifically, Defendants (a) have damaged and continue to damage 24.7's rights and valuable goodwill in Plaintiff's Marks; and (b) have injured and continue to injure 24.7's right to use and license Plaintiff's Marks as the exclusive indicia of origin of 24.7's goods and services.

46.

All conditions precedent to the filing of this action have occurred or have been waived or excused.

47.

As a result of the wrongful conduct by Defendants alleged herein, 24.7 has been forced to engage its counsel of record to enforce its rights in connection with the trademarks at issue. Its counsel is accordingly entitled to its reasonable attorneys' fees and costs in connection with these legal services.

## **COUNTS**

### **Count I**
### **Infringement of Federal Registered Mark (15 U.S.C. §1114)**

48.

Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

49.

Plaintiff's Registration for the 132 Mark is valid and subsisting, and is *prima facie* evidence of the validity of the Mallard Mark, of 24.7's ownership of the Mallard Mark, and of 24.7's exclusive right to use the Mallard Mark for the services enumerated in the 132 Mark Registration, including but not limited to services for online retail for clothing. By virtue of the 132 Mark Registration, the 132 Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

50.

Plaintiff's Registration for the 648 Mark is valid and subsisting, and is *prima facie* evidence of the validity of the Extended Mallard Mark, of 24.7's ownership of the Extended Mallard Mark, and of 24.7's exclusive right to use the Extended Mallard Mark for the services enumerated in the 648 Mark Registration, including but not limited to services for online retail for clothing. By virtue of the 648 Mark Registration, the 648 Mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

51.

Defendants' use of the Infringing Mark, a confusingly similar mark, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are provided by 24.7, affiliated with 24.7, are associated with 24.7 or otherwise connected to 24.7, or have 24.7's sponsorship, endorsement, or approval for use.

52.

Defendants' actions – most significantly, its refusal to stop use of the Infringing Mark (as described above) – demonstrates that its infringement is intentional, willful, and malicious, and was for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

53.

As a result of Defendants' infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendants' services marketed under the Infringing Mark.

54.

24.7 has been damaged by the aforementioned acts in an amount to be determined at trial. Defendants' adoption and use of the Infringing Mark for competing services is confusingly similar to Plaintiff's Marks and was undertaken by Defendants intentionally, willfully, and in bad faith. Therefore, 24.7 is entitled to recover from Defendants treble damages and attorneys' fees.

55.

In addition, Defendants' conduct, if it continues, will result in irreparable harm to 24.7 and, specifically, to the goodwill associated with Plaintiff's Marks, unless such conduct is enjoined.

## COUNT II
## Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

56.

Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

57.

Through 24.7's long-standing, widespread, continuous, and exclusive use of Plaintiff's Marks in commerce, Plaintiff's Marks have become impressed upon the minds of the relevant trade and consuming public as identifying 24.7 and indicating the source of origin of the 24.7 Services as coming from 24.7.

58.

24.7 has built a valuable business in its use of Plaintiff's Marks, and the goodwill associated with 24.7 is of great value to Plaintiff. Plaintiff's Marks have or have developed secondary meaning in the minds of the consuming public in the field of restaurant services, and have come to indicate to the consuming public that the particular services bearing Plaintiff's Marks originate from 24.7.

59.

24.7 has used Plaintiff's Marks continuously in commerce since at least 2020.

60.

Defendants' use of the Infringing Mark results in direct confusion as to the origin of 24.7's services.

61.

Defendants' use of the Infringing Mark constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with 24.7, and/or as to the origin, sponsorship or approval of Defendants' services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' conduct as described herein also constitutes an attempt to trade on the substantial goodwill that 24.7 has developed in Plaintiff's Marks, all to the damage of 24.7.

62.

Defendants' use in commerce of designations which are confusingly similar to Plaintiff's Marks, despite having actual and constructive notice of 24.7's prior rights in and to Plaintiff's Marks, constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about its services and commercial activities.

63.

Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to 24.7.

**COUNT III**
**Common Law Trademark Infringement under Georgia Law**

64.

Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

65.

Through the long-standing, continuous, and exclusive use of Plaintiff's Marks in commerce, the relevant trade and consuming public have come to understand Plaintiff's Marks as identifying 24.7 and indicating the source of origin of the 24.7 services as coming from 24.7.

66.

24.7 has built a valuable business in its use of the Registered Marks, and the goodwill associated with 24.7 is of great value to 24.7. Plaintiff's Marks have come to indicate to the trade and consuming public that the particular services bearing Plaintiff's Marks originate from 24.7.

67.

Defendants' unauthorized use of the Infringing Mark is likely to cause confusion in the marketplace between the parties' respective services.

68.

Defendants' infringement of Plaintiff's Marks is in willful and wanton disregard of 24.7's rights in and to the same, and without the consent of 24.7.

## COUNT IV
## Unfair Competition and Deceptive Trade Practices Based on Georgia Law

69.

Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

70.

Defendants have engaged and continue to engage in fraudulent and deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 *et seq*. and 23-2-55.

71.

Defendants have used and are using the Infringing Mark which is confusingly similar to Plaintiff's Marks in connection with similar services for which 24.7 uses Plaintiff's Marks. Therefore, Defendants' uses of the Infringing Mark misrepresent the source, sponsorship, approval, or certification of its services.

72.

Defendants' use of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendants and 24.7. The actual and probable tendency and impact of Defendants' uses is to enable Defendants to deceive the public, including citizens of the State of Georgia for whose protection these Code Sections were enacted.

73.

Defendants' wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

74.

Defendants' aforesaid acts constitute unfair competition under the common law of the State of Georgia as follows:

(a)  Such acts will enable Defendants to obtain the benefit of and trade on the goodwill of 24.7;

(b)  Such acts will damage 24.7's goodwill in that 24.7 does not have control over the businesses and products of Defendants;

(c)  Such acts are likely to cause confusion, mistake, or deception of the public; and

(d)  Such acts will result in the unjust enrichment of Defendants.

75.

Defendants' infringement of Plaintiff's Marks is in willful and wanton disregard of 24.7's rights in and to the same, and without the consent of 24.7.

76.

The aforesaid acts of Defendants are greatly and irreparably damaging to 24.7 and will continue to be greatly and irreparably damaging to 24.7 unless enjoined by this Court, as a result of which 24.7 is without an adequate remedy at law.

**COUNT V**
**Unfair Competition and Deceptive Trade Practices Based on Georgia Law**

77.

Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

78.

Plaintiff's Copyright Work is an original work of authorship, and Plaintiff is the sole and exclusive owner of all right, title, and interest in and to the Copyright Work.

79.

Defendants are reproducing and/or creating unauthorized derivative works and/or copies of Plaintiff's Copyright Work.

80.

Plaintiff has not licensed or otherwise authorized any of the Defendants to reproduce, publicly display, distribute, or create derivative works of the Copyright Work.

81.

Defendants committed the acts of infringement alleged herein willfully, and in knowing disregard for Plaintiff's rights.

82.

As a result of Defendants' act of infringement alleged herein, Plaintiff is entitled to recover from Defendants any damages it has sustained and will sustain, and any profits obtained by Defendants as a result of or attributable to the infringement, in an amount to be proven at trial.

83.

As a result of Defendants' act of infringement, Plaintiff is entitled to preliminary and permanent injunctive relief to prevent Defendants from continuing to infringe on Plaintiff's Copyright Work.

## Jury Demand

84.

Plaintiff demands a trial by jury for all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiff requests the following relief against Defendants:

A.     That Defendants and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with it, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)     using the Infringing Mark or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable imitation of Plaintiff's Marks, in commerce in any medium;

(2)     advertising, marketing, offering for sale, providing or selling the infringing services;

(3)     using the Infringing Mark, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' services are connected with 24.7 or are genuine 24.7-licensed products or services;

(4)     committing any other acts that may cause the consuming public to believe

that Defendants' services are genuinely licensed by 24.7 or otherwise provided for the benefit of 24.7;

(5)      engaging in unfair and deceptive trade practices against 24.7;

(6)      shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of Plaintiff's Marks; and

(7)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (6).

B.      That Defendants and any and all persons controlled by or acting in concert with it be required to deliver to 24.7 for destruction all goods, packages, and any other written or printed materials, in tangible or intangible form, that bear or depict the Infringing Mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of Plaintiff's Marks.

C.      That Defendants be required to account for and pay to 24.7 Defendants' profits from sales of the infringing services and any other product or service incorporating, copying, or imitating Plaintiff's Marks or any other brand element of 24.7, or sold under the Infringing Mark, and such sum in addition thereto as the Court shall find just.

D.      That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from reproducing, distributing, and/or creating unauthorized derivative works and/or copies of Plaintiff's Copyright Work or from otherwise infringing Plaintiff's copyright.

E.      That this case be found exceptional and 24.7 be awarded its attorneys' fees

pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

F.      That 24.7 recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by 24.7, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

G.      That Defendants be required to disgorge its profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

H.      That 24.7 have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

I.      That 24.7 be awarded punitive or exemplary damages in view of Defendants' reckless, willful, wanton acts committed with conscious disregard for the rights of 24.7.

J.      That 24.7 have such other general and further relief as this Court deems just and proper.

Respectfully submitted, November 22, 2023.

*/s/Zachary C. Eyster*
Zachary C. Eyster
GA Bar No.: 192335
Kennington R. Groff
GA Bar No.: 782901
Melanie K. Lane
GA Bar No.: 831941

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
zeyster@founderslegal.com
kgroff@founderslegal.com
mlane@founderslegal.com