**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **24.7 HUNT LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-473 (MTT) |
| | ) |
| **SHOT BY CRIDDLE LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff 24.7 Hunt, LLC filed this action against Defendants Shot By Criddle, LLC and Collin Riddle alleging claims of copyright and trademark infringement as well as state law claims.  Doc. 1.  On December 5, 2023, the defendants executed a waiver of service.  Doc. 5.  The parties agreed several times to extend the deadline for the defendants to file an answer or responsive pleading, but nothing was filed with the Court.  Docs. 11-1 at 5; 13 at 9.  Consequently, the defendants' answer or responsive pleading was due by February 5, 2024.[1]  *See* Fed. R. Civ. P. 4(d) and 6(a)(1)(C).  Nothing was filed until March 6, 2024, when the defendants moved to dismiss this action under Federal Rule of Civil Procedure 12.  Docs. 6; 7.  On March 15, 2024, the plaintiff moved to strike the defendants' motion and for entry of default judgment, among other things.  Doc. 8.  The Court denied the plaintiff's motion for default judgment

---

[1] Contrary to the defendants' assertions, "[a] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted."  *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (quoting 10A Wright & Miller, § 2692 at 85).

because there had been no formal entry of default; denied the defendants' motion to dismiss without prejudice; and denied the remaining requests for relief as moot.  Doc. 9.  The same day, the plaintiff applied to the clerk for entry of default and requested the Court enter default judgment against all defendants.[2]  Doc. 10.  The defendants then moved to set aside default and for leave to refile their motion to dismiss.[3]  Docs. 11; 12.

## I. DISCUSSION

"The [C]ourt may set aside an entry of default for good cause," and the Court may also deny a motion for default judgment and grant a request to file an untimely responsive pleading for good cause.  Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014).  "Good cause is a mutable standard, varying from situation to situation," but factors for courts to consider include: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted).  Courts should not find that good cause exists if the defaulting party "demonstrates an intentional or willful disregard of the judicial proceedings."  *Perez*, 774 F.3d at 1337 n.7.  However, given the Eleventh Circuit's "strong policy of determining cases on their merits … default

---

[2] Plaintiff titled its application as a request for entry of default judgment against all defendants.  Doc. 10 at 1, 4.  To the extent the plaintiff moves for the entry of default judgment, that motion is **DENIED** for the reasons below.

[3] The plaintiff requested a hearing on these motions in its response to the defendants' filings, but the Court finds that a hearing is not necessary.  Docs. 14 at 3; 19 at 4.

judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (citation omitted).

The Court finds there is good cause to set aside the defendants' default. First, the defendants have not demonstrated an intentional or willful disregard of the judicial proceedings. The parties agreed to extend the deadline to file a responsive pleading by two weeks on February 6, 2024. Doc. 13 at 9. Plaintiff's counsel then agreed to extend the deadline for another two weeks on February 21, 2024. Docs. 11-2 at 6; 13 at 9. The defendants moved to dismiss fourteen days later, on March 6, 2024. Doc. 6. The plaintiff claims that the deadline was extended only to March 4, 2024. Doc. 13 at 9. But even if the deadline was extended only to March 4, this was a misunderstanding between the parties. The defendants have not repeatedly refused to comply with court-ordered deadlines, and the parties have been in constant communication. Docs. 11-2 at 6; 13 at 9. The defendants also moved to dismiss before the plaintiff applied for entry of default. Thus, the Court finds that the default was neither willful nor intentional.

Second, the plaintiff argues that it would be prejudiced if default is set aside, but the Court is not convinced. The plaintiff argues that the defendants' delay causes prejudice "every day this matter is not permitted to progress on the merits" and that "setting aside default will further enhance [its] damage[s]." Doc. 13 at 6. "But the inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009). Prejudice may exist if the delay resulted in a loss of evidence, "increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion." *See Sherrard v. Macy's Sys. & Tech. Inc.*, 724 Fed. Appx. 736, 739 (11th

Cir. 2018). Here, there is nothing in the record to suggest that the defendants' delay in filing a responsive pleading caused any loss of evidence, created increased difficulties in discovery, or allowed greater opportunities for fraud. Rather, setting aside default will do "no harm to plaintiff except to require it to prove its case." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960).[4]

Next, the defendants raise several defenses related to the pleadings and the Court's jurisdiction, which they support in part with a declaration from Collin Riddle. Docs. 11-1 at 6; 12-1. They argue that (1) "the complaint does not plead a cause of action under the Copyright Act because the Plaintiff does not allege ownership of a copyright registration;" (2) "Plaintiff's State Law Unfair Trade Practices claim is preempted by the Federal Copyright Act;" (3) "Plaintiff's allegations of Fraud are not in compliance with Fed. R. Civ. Pro. Rule 9(b);" and (4) the Court lacks personal jurisdiction over both Defendants." Doc. 11-1 at 6. In response, the plaintiff claims that the Court should not consider these defenses because the defendants rely on arguments made in their motion to dismiss. Doc. 13 at 6. Alternatively, assuming the defendants are correct, the plaintiff contends that it would seek leave to amend its complaint and cure any deficiency. *Id.* While the Court makes no ruling on the merits here, at least some defenses raised by the defendants have potential merit and should be addressed in further proceedings. Moreover, an entry of default against the defendants does not establish that the plaintiff is entitled to a default judgment, because the defendants are not deemed to admit facts that are not well-pleaded or conclusions of law. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th

---

[4] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Cir. 1975). Therefore, setting aside default will allow the plaintiff to seek leave to amend its complaint and address any deficiency raised by the defendants if desired.

Finally, the defendants acted somewhat promptly to correct the default. Docs. 6; 11; 12. Accordingly, all factors support setting aside default.

## II. CONCLUSION

For the foregoing reasons, the Court finds good cause to set aside default and to allow the defendants to refile their motion to dismiss. It is hereby **ORDERED** that:

1. The Clerk is **DIRECTED** to terminate the plaintiff's application for entry of default (Doc. 10), and the plaintiff's request for default judgment is **DENIED**.

2. Defendants' motion to set aside default (Doc. 11) is **GRANTED**.

3. Defendants' motion to refile their motion to dismiss (Doc. 12) is **GRANTED**.

4. Defendants **SHALL FILE** the motion within seven days of this Order.

**SO ORDERED**, this 16th day of May, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT